## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. _____

| | |
|---|---|
| ARTHUR ROOS,<br><br>                               Plaintiff,<br><br>vs.<br><br>THE STANDARD FIRE INSURANCE<br>COMPANY,<br><br>                             Defendant. | **NOTICE OF REMOVAL OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Standard Fire Insurance Company ("The Standard"), by and through its undersigned counsel, hereby removes this action from the Superior Court Division of the North Carolina General Court of Justice, in and for Union County, to the United States District Court for the Western District of North Carolina, Charlotte Division. In support thereof, Defendant states as follows:

1.	This case was originally filed in the Superior Court Division of the North Carolina General Court of Justice, in and for Union County, on September 27, 2024, under the name and style of *Arthur Roos v. The Standard Fire Insurance Company*, 24-CVS-3080. Because Union County is situated within this district and division, this Court is the proper venue for removal. *See* 28 U.S.C. § 1446(a).

2.	On October 8, 2024, the North Carolina Department of Insurance ("DOI") received and accepted a copy of the Civil Summons and Complaint.

3.     On October 14, the DOI mailed copies of the Civil Summons and Complaint to The Standard as noted in its "Service of Process" letter with USPS tracking number, 9589 0710 5270 0386 8911 52. (*See* a true and accurate copy of the envelope, attached as **Exhibit 1**).

4.     The Standard received the copy of the Civil Summons and Complaint on October 23, 2024. Accordingly, The Standard's time to remove has not yet expired. *See* 28 U.S.C. § 1446(b)(1); *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 393–94 (4th Cir. 2018) (finding that 30-day removal deadline does not start until the insurer actually receives the notice from the North Carolina Department of Insurance).

## **JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332**

5.     This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and there is complete diversity among Plaintiff and Nationwide.

### I.     **Complete Diversity of Citizenship Exists**

6.     According to the Complaint, Plaintiff is a citizen of North Carolina.

7.     Although incorrectly alleged in the Complaint, The Standard is a corporation organized and existing under the laws of the State of Connecticut and has its principal office located in Hartford, Connecticut. Therefore, The Standard is a citizen of Connecticut. (*See* Declaration of Wendy Skjerven, attached as **Exhibit 2**).

8.     Thus, because the parties to this action are citizens of different States, complete diversity exists.

## II.    **The Amount in Controversy Exceeds $75,000**

9.      As stated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.     The Complaint prays that the Court "[e]nter judgment against Defendant for actual, special, incidental, consequential, and punitive damages, in an amount to be determined, but in any event…an amount in excess of $25,000.00[.]" (Compl. Prayer for Relief at ¶ 1).

11.     As a general rule, the amount in controversy is determined by "the status of the case as disclosed by the plaintiff's complaint." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US. 283, 291, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

12.     Because the amount in controversy is unclear from the face of the Complaint, the Court may determine the amount in controversy by considering all evidence bearing on the issue. *Green v. Caterpillar Inc.*, No. 2:14-CV-26-MR-DSC, 2014 WL 4798705, at *3 (W.D.N.C. Sept. 26, 2014) (unpublished), *reconsideration denied*, No. 2:14-CV-26-MR-DSC, 2014 WL 5243341 (W.D.N.C. Oct. 15, 2014).

### A. The Amount in Controversy is Unclear from the Face of Plaintiff's Complaint and the Plaintiff's Pre-Litigation Demand for Compensatory Damages can be Considered by the Court.

13.     When Plaintiff's complaint prays for no specific monetary amount, the Court may determine the amount in controversy by considering submitted evidence on the amount, specifically providing weight to pre-removal demands: *"The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal." Id.* (emphasis in original) (citing *Green v. Metal Sales Mfg. Corp.,* 394 F.Supp.2d 864, 866 (S.D.W. Va. 2005 (quoting *Watterson v. GMRJ, Inc.,* 14 F.Supp.2d 844, 850 (S.D.W.Va.1997)).

14.     Because North Carolina pleadings often require parties to only state whether the damages amount exceeds $25,000, a review of pre-litigation demands is allowable to determine the amount in controversy. In *Cannon v. AutoMoney, Inc.*, the Middle District Court stated,

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

Case No. 1:19-cv-00877, 2020 U.S. Dist. LEXIS 103433, at *7-8 (M.D.N.C. May 12, 2020)(*citing* 28 U.S.C. § 1446(c)(2) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014)).

15.     Plaintiff alleges that he had a policy with The Standard and made two wind and hail claims under that policy on or about September 7, 2023 and February 21, 2024. The claims were assigned claim number 15P7480 and 15P7480001H, respectively.

16.     In Plaintiff's pre-litigation demand letter, Plaintiff indicated that his total damages were $28,081.94. (*See* a true and accurate copy of Plaintiff's pre-trial demand letter, attached hereto as **Exhibit 3**). The amount was calculated by a public adjuster who itemized the demand to show various items of compensatory damages: the labor and materials to replace the shingle roofing system, the work on gutters, the work for protecting landscape, as well as general

construction items to assist with permitting, OSHA requirements, taxes and debris removal. *Id.* at p. 6–9 of 41.

17. Thus, Plaintiff now alleges that The Standard's failure to pay $28,081.94 to replace his roof constitutes a breach of contract. (Compl. at ¶ 13). Accordingly, Plaintiff's alleged compensatory damages are at or around $28,081.94.

**B. Plaintiff's Claims for Violations of North Carolina's Unfair and Deceptive Practices Act and for Punitive Damages can be Considered for the Amount in Controversy.**

18. In his Complaint, Plaintiff has also asserted claims for unjust enrichment, breach of the covenant of good faith and fair dealing, negligence, and violations of North Carolina's Unfair and Deceptive Trade Practices Act. (Compl. at ¶¶ 21, 25, 30, 33).

19. In particular, for the alleged violation of the Unfair and Deceptive Trade Practices Act under N.C. Gen. Stat. § 75-1.1, Plaintiff has demanded that the damages award be trebled pursuant to N.C. Gen. Stat. § 75-1.6. Of note, if a defendant has violated North Carolina's Unfair and Deceptive Practices Act, the damages are automatically trebled with no discretion:

> If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, *and **if damages are assessed** in such case **judgment shall be rendered in favor of the plaintiff and against the defendant** for treble the amount fixed by the verdict*.

> N.C. Gen. Stat. § 75-16 (emphasis added).

20. These trebled damages are considered by the Court when determining the amount in controversy. *Wall v. Fruehauf Trailer Servs., Inc.*, 123 Fed.Appx. 572, 577 (4th Cir. 2005); *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petro., Inc.*, 23 Fed.Appx. 141, 145 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or

punitive damages, such as treble damages."); *Gordon v. Nat. Bus. Consultants, Inc.*, 856 F.2d 186 (4th Cir. 1988) (unpublished) (holding that treble damages can be considered to meet the amount in controversy threshold).

21.     Thus, if Plaintiff succeed on his Unfair and Deceptive Practices Act claim, his damages would be over $84,245.82.  This is three-times the roof-replacement cost of $28,081.94. These treble damages alone exceed the amount in controversy required.

22.     In addition to the compensatory damages, Plaintiff has asserted additional demands for punitive damages and attorney's fees which, if taxed against The Standard, would place the amount in controversy even further above the statutory removal minimum.  (Compl. at ¶¶ 26, 31; Prayer for Relief at ¶ 2). *See also Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983).

23.     Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

## CONCLUSION

24.     As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.

25.     Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending.

26.     Pursuant to 28 U.S.C. § 1446(a), the summons is attached as **Exhibit 4** and the Complaint is attached as **Exhibit 5**. Plaintiff's request for interrogatories is attached as **Exhibit 6** and Plaintiff's request for production of documents is attached as **Exhibit 7**. No other pleadings, process, or orders have been served upon The Standard in this action.

27.     All documents associated with Case No. 24-CVS-3080 of which Defendant is aware are attached hereto.

28.     The Standard reserves all defenses based on personal jurisdiction, sufficiency of service of process, sufficiency of process, and any other defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

29.     Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly filed with the clerk of the Superior Court for Union County, and served on the other parties to this action forthwith. A copy of that Notice is attached as **Exhibit 8**.

This the 21st day of November, 2024.

/s/ Gemma L. Saluta
Gemma L. Saluta
N.C. Bar No. 37032
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336)721.3576
Facsimile: (336) 726.9084
Email: Gemma.Saluta@wbd-us.com

*Attorney for Defendant The Standard Fire Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is the attorney at law licensed to practice in the State of North Carolina, is the attorney for Defendants in this matter, and is person of such age and discretion as to be competent to serve process.

That on November 21, 2024 she served a copy of the foregoing **NOTICE OF REMOVAL OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA** by placing said copy in a first-class postage-paid envelope and addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelop and its contents in the United States Mail at Winston-Salem, North Carolina.

ADDRESS:

Frederick Terrell, Esq.
NC State Bar No 54377
Terrell Law Firm, P.C.
PO Box 1228
Hamlet, NC 28345
Telephone: (910)582-4680
Facsimile: (910)582-4681
Email: fterrell@terrell-lawfirm.com
*Attorney for Plaintiff*

/s/ Gemma L. Saluta
Gemma L. Saluta
N.C. Bar No. 37032
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336)721.3576
Facsimile: (336) 726.9084
Email: Gemma.Saluta@wbd-us.com

*Attorney for Defendant The Standard Fire Insurance Company*